IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

JANE DOE, an individual,

        Plaintiff,

   v.

LUXOR SCIENTIFIC, LLC AND DAVID LIST,

        Defendants.

CASE NO. 6:21-cv-03416-DCC

### DEFENDANT DAVID LIST'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant David List hereby moves this Court to dismiss Plaintiff's Amended Complaint for failing to comply with Rule 10(a), Fed. R. Civ. P., and for unilaterally and improperly identifying herself by the fictitious name of "Jane Doe." Plaintiff is not a minor and none of the events alleged in the Amended Complaint occurred when she was a minor. There is no valid basis for Plaintiff to be permitted to proceed in this litigation using a fictitious name. This Motion to Dismiss is supported by the law and facts discussed below.

**A.**  **Legal authority supporting Defendant List's Motion to Dismiss.**

Plaintiff's unilateral fictitious name designation is not authorized under any South Carolina statute, federal statute, court rule, or other relevant precedent. Rather, Rule 10(a), Fed. R. Civ. P., provides,

> Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint

>   must name all the parties; the title of other pleadings, after naming
>   the first party on each side, may refer generally to other parties.

(Emphasis added.)  Plaintiff's Amended Complaint does not comply with Rule 10(a).  Instead, Plaintiff filed using the fictitious name of "Jane Doe" and not her legal name.  Plaintiff unilaterally decided to use this fictitious name without seeking permission to do so from the Court.  Such a unilateral designation is not proper and violates Rule 10(a).

It is only in extremely exceptional cases where a party is permitted to proceed anonymously.  *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir.1993) (allowing a party to proceed anonymously is a "rare dispensation").  "Pseudonymous litigation undermines the public's right of access to judicial proceedings."  *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).  "The public has an interest in knowing the names of the litigants and disclosing the parties' identities furthers openness of judicial proceedings."  *Id.* (internal citations omitted).

In *Richard S. v. Sebelius*, No. CA 3:12-007-TMC, 2012 WL 1909344, at *1 (D.S.C. 2012)[1], United States District Court Judge Timothy Cain addressed an issue similar to the issue in this case where the plaintiff unilaterally proceeded using a fictitious name and the defendant moved to dismiss the complaint.  In addressing this issue, Judge Cain noted the jurisdictional problem created by Plaintiff's failure to comply with Rule 10(a):

>   While the Fourth Circuit Court of Appeals has not ruled on this issue, some courts have held that, absent permission to proceed anonymously, if a complaint fails to comply with Rule 10(a) and does not divulge the plaintiff's identity, its filing is ineffective to commence an action and the court lacks jurisdiction over the unnamed parties. . . . Without identification of Plaintiffs or permission from the court to proceed anonymously or under a pseudonym, the court may lack jurisdiction and, furthermore, the burden should not fall on Defendants to request identification of Plaintiffs.

---

[1] Unpublished cases are attached as Exhibit 1.

*Id*. (internal citations omitted).  Here, Plaintiff has not sought permission to proceed using a fictitious name in this case.  Accordingly, Plaintiff's Amended Complaint is deficient on its face and must be dismissed.

In addition to citing these jurisdictional issues, Judge Cain denied the plaintiff's attempt to proceed using a fictitious name based on the lack of factual basis to support such a designation. *Id*.  In doing so, Judge Cain considered the following factors:  (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.  *Id*. citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir.1993).

Similarly in *Roe v. CVS Caremark Corp*., No. 4:13-CV-3481-RBH, 2014 WL 12608588, at *3 (D.S.C. 2014), United States District Court Judge R. Bryan Harwell denied a plaintiff's attempt to proceed using a pseudonym in a case where the plaintiff alleged the claims involved "matters of an intensely personal nature regarding his mental and emotional disabilities, as well as intimidation he suffered in violation of his civil rights." *Id*. at *1.  In both *Roe* and *Richard S*, *supra*, Judge Harwell and Judge Cain explained the limited exceptional cases that have warranted proceeding under a fictitious name, none of which are remotely involved in this case: birth control, abortion, welfare involving minors born to unmarried parents, transsexuality, mental illness, AIDS, and homosexuality.  *Richard S.*, 2012 WL 1909344, at *2; *Roe*, 2014 WL 12608588, at *2 (internal citations omitted).

Courts will generally not permit anonymity in civil damages actions involving allegations of sexual harassment or alleged sexual assault. *See Doe v. North Carolina Cent. Univ.*, 1999 WL 1939248 (M.D. N.C. 1999); *Doe v. Bell Atl. Business Sys. Servs., Inc.*, 162 F.R.D. 418 (D. Mass. 1995); *Doe v. Shakur*, 164 F.R.D. 359 (S.D. N.Y. 1996). For example, in *Doe v. North Carolina Central University*, the plaintiff alleged that she was sexually harassed, sought to proceed under the fictitious name, "Jane Doe," and alleged misconduct that was much more egregious than the allegations of Plaintiff against Defendant List. 1999 WL 1939248 at *1-2. United States District Court Judge James A. Beaty, Jr, considered the following factors in determining that the plaintiff had not successfully rebutted the presumption of openness of judicial proceedings, and ruled that the plaintiff would not be permitted to proceed anonymously[2]:

    1.    Although the plaintiff alleged serious sexual misconduct, she was not automatically entitled to anonymity. "[C]ourts have generally been reluctant to provide anonymity based on a plaintiff's potential embarrassment, even if the case involves sexual assault." *Id.* at *2.

    2.    Although the plaintiff and her treating psychologist claimed that plaintiff would suffer mental harm and would be further traumatized, there was no risk of potential retaliation or harassment by the release of her identity, or any risk of retaliatory harm to innocent non-parties. *Id.* at *3.

    3.    Anonymity was inappropriate because there was no allegation of any harm to children or that children were involved in any way. *Id.* at *4.

---

[2] Judge Beaty noted that courts have permitted the plaintiff to amend her complaint in similar circumstances rather than completely dismissing the action. However, Judge Beaty denied the defendant's motion to dismiss conditioned upon the plaintiff filing an amended complaint using her real name within ten (10) days of the entry of the court's decision. *Id*. at *6.

    4.  The fact that the dispute involved a private civil action weighed against the plaintiff's request for anonymity. *Id*.

    5.  It would be improper to permit the plaintiff to make her accusations publicly, proceed anonymously, but require the defendant to defend itself publicly while plaintiff could make her accusations from behind the cloak of anonymity. The defendant would be prejudiced by the court reinforcing plaintiff's claims by allowing her to proceed under a pseudonym. *Id*. at *5.

    6.  Finally, the court noted that the plaintiff decided to bring this civil lawsuit and voluntarily chose to place her credibility at issue with respect to these serious accusations. *Id*.

Furthermore, in *Doe v. Bell Atlantic*, *supra*, the plaintiff alleged she had been physically assaulted and cited to criminal statutes providing for confidentiality in support of her request to proceed anonymously. 162 F.R.D. at 422. In response, the court stated:

> [T]he criminal statutes cited by plaintiff apply to situations where the government chooses to prosecute a case, and offers anonymity to a victim who does not have a choice or control over the prosecution. **In the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the public record. The Court is cognizant of the defendants' concerns, and finds that it would be fundamentally unfair to allow plaintiff to make such serious allegations against them without standing, as they must, in a public forum.**

*Id.* (emphasis added). Here, Plaintiff has not and cannot assert any valid basis to proceed under a fictitious name. Thus, Plaintiff's unilateral attempt to proceed using a fictitious name is improper and the Amended Complaint must be dismissed.

**B.      Facts and arguments supporting Defendant List's Motion to Dismiss.**

Even assuming Plaintiff properly submitted a request to this Court to proceed under a fictitious name, which she has not, the Court should deny such request based on the factors discussed above. All of these factors weigh heavily in favor of requiring Plaintiff to proceed using her legal name.

### 1.      Plaintiff's attempt to proceed anonymously is merely an attempt to avoid annoyance and criticism.

As noted by Judge Cain, it is not a proper reason to proceed anonymously merely to avoid the annoyance and criticism that may attend any litigation. *Richard S.*, 2012 WL 1909344, at *1. Here, that is exactly what Plaintiff is attempting to do. In fact, Plaintiff admits this reason in her Amended Complaint: "Further, the discoverability of Plaintiff's name when the pleadings are picked up by search engines likely would adversely affect Plaintiff's career . . . ." [ECF No. 14, ¶ 1]. First, it is unclear how Plaintiff's Complaint could potentially negatively impact her career. This alleged "career" concern could be present in any employment related litigation. This is not a valid basis to proceed anonymously. Second, there is absolutely no basis for Plaintiff's allegation that disclosing her name in the Amended Complaint will somehow create a concern that Defendant List may attempt to harm Plaintiff's career. [ECF No. 14, ¶ 1]. These are simply baseless allegations to attempt to further disparage Defendant List and avoid the normal impact of any litigation.

Significantly, Plaintiff desires to fully protect her name from any public disclosure that may impact her career but had no concerns aggressively attacking the character and career of Defendant List in the Amended Complaint. Plaintiff goes to great lengths in her 126 paragraph Amended Complaint to fully disparage Defendant List in the public record. Notably lacking from Plaintiff's Amended Complaint are any of her text messages to Defendant List, including a text

message she sent him that included a picture of "KRATOM" the "herbal alternative" to "VIAGRA."

Plaintiff not only went out of her way to disparage Defendant List in her pleadings, she also had the original Complaint served on Defendant List's wife, a clear attempt to cause harm to Defendant List's marriage. Plaintiff cannot be permitted to fully attack Defendant List in the public forum, attempt to interfere with his marriage by using her pleadings in this case, and also avoid the public forum or any public criticism herself. Thus, Plaintiff's unilateral attempt to proceed using a fictitious name is improper and the Amended Complaint must be dismissed.

### 2. There is no risk of retaliation by Defendants or risk of harm to Plaintiff or others.

It is clear that Plaintiff's identification in the public record poses no risk of retaliatory physical or mental harm to Plaintiff or any non-parties. Plaintiff no longer works for Defendant Luxor Scientific, LLC or with Defendant List because she voluntarily resigned her employment. Defendant List has not had any contact or communication with Plaintiff since he learned of her internal complaint against him several months ago and has no intent to do so. Defendants know the identity of Plaintiff so her desire not to use her legal name is not because of any issues or concerns involving the Defendants. Plaintiff used her legal name in the Charge of Discrimination she filed with the Equal Employment Opportunity Commission which is currently pending. Thus, Plaintiff's unilateral attempt to proceed using a fictitious name is improper and the Amended Complaint must be dismissed.

### 3. Plaintiff is not a minor and there are no minors involved in this case.

While Plaintiff's Amended Complaint alleges that she is "young graduate from college," she is not a minor and was not a minor at any point in time relevant to this case. [ECF No. 14, ¶ 4]. There are no issues involving any minors in this case to support a basis for anonymity.

### 4.     **Defendants are not governmental entities or officials.**

Defendants are not government entities or officials.  Defendant Luxor Scientific is a South Carolina limited liability company.  [ECF No. 14, ¶ 2].  Defendant List is a South Carolina resident who holds no public office.  [ECF No. 14, ¶ 3].  There are no public concerns in favor of anonymity.  Rather, all public concerns favor public disclosure of all parties in this case, not just the Defendants.

### 5.     **Permitting Plaintiff to proceed under a fictitious name will unfairly prejudice Defendant List.**

Plaintiff must not be permitted to proceed under a fictitious name because such proceeding will be highly prejudicial to Defendant List.  Such a designation implies that Plaintiff is under some current threat of harm, which is not remotely the case here.  Plaintiff simply does not want the public to know that she has made these extensive allegations against Defendants and does not want others to see the allegations and evidence related to the defense of her claims.  This is not a valid basis to proceed under a fictitious name.  Otherwise, proceeding under a fictitious name would become the normal process in sexual harassment cases.

Permitting Plaintiff to proceed under a fictitious name will prejudice Defendant List's ability to obtain full and fair discovery.  Third parties and witnesses involved in this case may assume that Defendant List engaged in threatening and egregious conduct simply because the Plaintiff is permitted to proceed anonymously.  It will create an impression that Defendant List is an active threat to Plaintiff and others and that Plaintiff is a "victim."  Such an impression is completely improper based solely on the unsupported allegations in the Amended Complaint, thereby unfairly prejudicing Defendant List's defense.  This could have a substantial impact on how potential witnesses cooperate with Defendant List and how they respond to discovery issues

in this case. Plaintiff should not be permitted to utilize anonymity as a shield from legitimate and necessary discovery and fair and open judicial proceedings.

**C.     Conclusion.**

Based on the legal authority and arguments discussed above, Defendant List respectfully requests that this Court enter an Order dismissing Plaintiff's Amended Complaint for lack of jurisdiction and based on Plaintiff's failure to properly comply with Rule 10(a) of the Federal Rules of Civil Procedure. To the extent Plaintiff intends to proceed with this litigation, she must be required to file a second amended complaint using her legal name. Defendant List requests any and all other relief the Court deems just and proper.

Dated this 29th day of November, 2021.

                                                    Respectfully submitted,

                                                    s/Jeffrey A. Lehrer
                                                    Jeffrey A. Lehrer
                                                    Federal I.D. No. 7677
                                                    jlehrer@fordharrison.com

                                                    Brianna L. Schill
                                                    Federal I.D. No. 13570
                                                    bschill@fordharrison.com

                                                    FORD & HARRISON LLP
                                                    100 Dunbar Street, Suite 300
                                                    Spartanburg, South Carolina 29306
                                                    Telephone:  (864) 699-1100
                                                    Facsimile:   (864) 699-1101

                                                    *Attorneys for Defendant David List*

WSACTIVELLP:12732674.1