IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 6:21-cv-03416-DCC |
| LUXOR SCIENTIFIC, LLC, AND DAVID LIST, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **REPLY IN SUPPORT OF DEFENDANT LUXOR'S MOTION TO DISMISS**

Luxor Scientific, LLC ("Luxor") respectfully submits this Reply in support of its Motion to Dismiss the state law claims alleged against Luxor. (ECF No. 19.)

**I. Plaintiff's State Law Claims Against Luxor Are Barred by the SCWCA.**

**A. It Is Undisputed that Plaintiff Alleges to Have Suffered Personal Injuries Arising from Her Employment.**

Plaintiff's state law claims are premised on allegations of harassment and intrusions by her supervisor, David List, and by Luxor's supposed failure to stop that misconduct. *See* ECF No. 14 ¶¶ 7-8, 108-110, 114-15, 119-20, 123-24. Plaintiff alleges she was "physically assaulted" and "emotionally abused" by List. *Id.* at ¶ 39. She alleges that, "as a result of List's harassment and [Luxor]'s indifference toward the same, Plaintiff has suffered severe emotional distress and interference with her ability to work." *Id.* ¶ 76. Indeed, throughout the Complaint, Plaintiff repeatedly alleges that she suffered "emotional distress" as a result of the underlying conduct. *Id.* ¶¶ 91, 95, 104, 115. Likewise, she alleges that Defendants' actions caused her "humiliation, indignity, anxiety, and mental suffering." *Id.* ¶ 111. Therefore, it is indisputable that Plaintiff alleges to have suffered personal injuries under the S.C. Workers' Compensation Act ("SCWCA"). *See Loges v. Mack Trucks,* 308 S.C. 134, 135, 137 (1992) (state law claims premised on allegations

1

of harassment and emotional distress "constitute personal injuries within the scope of the [SCWCA]"); *Dickert v. Metro. Life Ins. Co.,* 311 S.C. 218, 219, 221 (1993) (mental injuries caused by sexual harassment qualify as personal injuries under the SCWCA). It is also undisputed that Plaintiff alleges these injuries arose from her employment; she does not even attempt to argue otherwise in her response brief.

In sum, Plaintiff's state law claims are premised on (1) conduct that caused her personal injuries (2) that arose from her employment. This brings her state law claims squarely within the purview of the SCWCA exclusivity provision. *See* S.C. Code Ann. § 42-1-310; *Mathis v. Interstate Contract Cleaning Servs.,* No. 3:17-cv-3094-TLW-KFM, 2018 U.S. Dist. LEXIS 206274, at *12 (D.S.C. July 9, 2018) (McDonald, Mag. J.) ("[T]he [SCWCA] provides the exclusive remedy against an employer for an employee who sustains injuries arising out of his employment."); *Sabb v. S.C. State Univ.,* 350 S.C. 416, 422 (2002) ("Because Sabb's claims . . . arose out of and in the course of her employment, the [SCWCA] provides the exclusive remedy for her.").

Indeed, federal and state courts in South Carolina have routinely dismissed negligence and invasion of privacy claims premised on allegations of harassment as barred by the SCWCA.[1] The Court should follow these directly analogous precedents and dismiss Plaintiff's negligence and invasion of privacy claims. Plaintiff does not cite a single case finding that a negligence or invasion of privacy claim premised on harassment allegations fell outside the scope of the SCWCA. The

---

[1] *E.g., Dickert,* 311 S.C. at 219, 221-22; *Loges*, 308 S.C. at 135, 137; *Hayes v. Safe Fed. Credit Union,* No. 3:19-881, 2020 U.S. Dist. LEXIS 51074, at *11-12, 29 (D.S.C. Jan. 31, 2020); *Williams v. GlaxoSmithKline LLC,* No. 1:18-1346, 2019 U.S. Dist. LEXIS 7784, at *17-18 (D.S.C. Jan. 16, 2019); *Williams v. MKKM, Inc.*, No. 2:14-4509, 2015 U.S. Dist. LEXIS 175279, at *2-3, 9-10 (D.S.C. Sept. 24, 2015); *Sutton v. Securitas Sec. Servs.,* No. 4:13-2542, 2014 U.S. Dist. LEXIS 53538, at *8-9 (D.S.C. Mar. 24, 2014); *Palmer v. House of Blues Myrtle Beach Rest.*, No. 4:05-3301, 2006 U.S. Dist. LEXIS 67593, at *3-4, 8 (D.S.C. Sept. 20, 2006); *Whicker v. Sci. Applications Int'l*, No. 2:11-3193, 2012 U.S. Dist. LEXIS 150163, at *5-6 (D.S.C. Sept. 20, 2012).

Court should decline Plaintiff's invitation to deviate into uncharted territory.

### B. Plaintiff's Claims Do Not Meet a Recognized Exception to Exclusivity.

The South Carolina Supreme Court has stated that "*the only exceptions* to the [SCWCA]'s exclusivity provision are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations." *Kerr v. Hammond Sch.,* No. 3:17-3109-JFA-KFM, 2018 U.S. Dist. LEXIS 62242, at *5 (D.S.C. Feb. 22, 2018) (McDonald, Mag. J.) (emphasis added); *Palmer*, 2006 U.S. Dist. LEXIS 67593, at *6 (same).

Here, Plaintiff's response brief does not assert that any of the recognized exceptions apply. Accordingly, the state law claims against Luxor should be dismissed. *See Kerr*, 2018 U.S. Dist. LEXIS 61395, at *13 (D.S.C. Apr. 11, 2018) (concluding that proposed amendments to negligence claims – proposing to plead only damages that would not be covered by the SCWCA – would be futile because "Plaintiff's proposed amendments would not bring her negligence claims within one of the limited exceptions to [the exclusivity provision]"); *Williams,* 2015 U.S. Dist. LEXIS 175279, at *11 ("Plaintiff . . . has failed to allege any facts that would bring her claim under any of these exceptions. . . . Therefore, the Defendants are entitled to dismissal of this claim.").

### C. Plaintiff Asks this Court to Recognize an Unprecedented Pleading Gimmick as a New Exception to Evade SCWCA Exclusivity.

Plaintiff's claims involve personal injuries arising from her employment and do not fall within any recognized exception. Plaintiff hopes the Court will recognize a new exception, in which employees are allowed to evade the SCWCA's exclusivity provision simply by pleading that they suffered economic damages or reputational damages (even if they also allege emotional distress and other personal injury damages arising from the same underlying conduct).

Plaintiff argues the SCWCA exclusivity provision does not bar causes of action and only bars certain types of damages. ECF No. 20 at 6. She asserts that SCWCA exclusivity does not apply here because she has pled "nonpersonal" damages, such as lost wages, relocation expenses, and reputational damages. *Id.* at 8-11. Plaintiff acknowledges she pled her state law claims in this way as a deliberate attempt to evade the SCWCA. *Id.* at 8 ("Both the negligence claims and the intrusion claim are specifically pled to make clear that the WCA does not cover them.").

As discussed in detail below, Plaintiff's argument must fail because (1) this Court has rejected strikingly similar attempts to evade the SCWCA in prior cases, (2) the logic of Plaintiff's argument is fatally flawed, (3) the cases she relies on are easily distinguishable, and (4) acceptance of her argument would lead to absurd, unintended results.

### 1. *This Court Has Rejected Plaintiff's Argument in Prior Cases.*

Your Honor and other judges in this District have rejected similar attempts to evade the SCWCA. On several occasions, this Court has rejected strikingly similar arguments that SCWCA exclusivity does not apply to common law claims seeking economic or other nonpersonal damages.

In *Kerr*, "[t]he plaintiff allege[d] that the defendant negligently supervised [her supervisor], which resulted in damages to the plaintiff including 'economic losses such as: back pay, front pay, back benefits, front benefits, loss of earning capacity and other losses such as: reputational loss, loss of goodwill, pain and suffering, mental and emotional distress, shock and humiliation, and stress and anxiety.'" *Kerr*, 2018 U.S. Dist. LEXIS 62242, at *3-4 (McDonald, Mag. J.). The plaintiff argued that "the [SCWCA] does not preclude the recovery of proprietary and pecuniary damages such as lost income and reputation damages as opposed to injuries and personal injuries as defined by the Act", and she cited the same cases relied on by Plaintiff here: *Dockins, Frasier, Loges,* and *Hand*. *See Kerr*, 2018 U.S. Dist. LEXIS 62242, at *7. The Court rejected the plaintiff's

argument and stated that the cases she cited "are distinguishable as the defendant has set out in its reply (doc. 13 at 4-5)."[2] *Id.* at *8. This Court found that the plaintiff's negligent supervision claim was barred by the SCWCA because, even though the plaintiff pled economic damages and reputational harm, she alleged personal injuries and "the plaintiff's allegations make clear that the injuries resulted from the alleged actions of the defendant during the course of her employment with defendant." *Id*. at *9.

In her objections to Your Honor's Report and Recommendation, the plaintiff continued to argue that the SCWCA "does not preclude recovery of proprietary and pecuniary damages" and that she should be given leave to amend the complaint to strike any compensable damages and thus bring the negligence claim outside the scope of the SCWCA.[3] The District Court rejected this argument and concluded that amendment of the complaint would be futile because, even if the plaintiff struck the compensable personal injury damages, her negligence claims still arose from her employment and the proposed amendments "would not bring her negligence claims within one of the limited exceptions" to the exclusivity provision. *Kerr,* 2018 U.S. Dist. LEXIS 61395, at *11-13 (D.S.C. Apr. 11, 2018) (Anderson, J.).

*Kerr* is directly analogous to the present case. Here, as in *Kerr*, Plaintiff alleges she suffered both personal damages (such as emotional distress) and other damages (such as lost wages and reputational harm). The presence of the economic damages and reputational damages does not remove Plaintiff's state law claims from the scope of the SCWCA. Her negligence and privacy claims still arose from her employment and do not fall within any recognized exception to the SCWCA's exclusivity provision. *See id.* at *11-13.

---

[2] The reply brief from *Kerr*, which this Court relied on and endorsed, is attached as <u>Exhibit A</u>.

[3] *See* <u>Exhibit B</u>, *Kerr,* ECF No. 24 at *5-6 (March 8, 2018) (Objections to R&R).

Similarly, in *Lindblad*, the plaintiff argued her claims qualify for the "pecuniary damage exception" to the SCWCA's exclusivity provision.[4] *Lindblad v. J&L Servs., Inc.,* No. 4:18-cv-1336, 2019 U.S. Dist. LEXIS 25209, at *17 (D.S.C. Jan. 30, 2019). The Court rejected her argument and concluded that her negligent supervision and retention claims were barred by the SCWCA. *See id*. at *18. Even though she alleged pecuniary damages, she also alleged personal damages arising from the same conduct. *See id*. ("[Plaintiff] does allege that she suffered damages as a result of personal injury. Therefore, her argument that her negligent supervision and retention claims are not barred by the SCWCA's exclusivity provision because *she alleges pecuniary damages as well as personal injury damages* is without merit." (emphasis added)).

In the present case, as in *Lindblad*, Plaintiff alleges to have suffered both pecuniary damages and personal damages. Both types of damages allegedly resulted from the same underlying conduct and indisputably arose from her employment. This Court should reach the same result as *Kerr* and *Lindblad* and recommend dismissal of her state law claims against Luxor.

### 2. The Logic of Plaintiff's Argument is Fatally Flawed.

Plaintiff's argument in favor of her pleading gimmick is flawed for two additional reasons. First, Plaintiff's argument is premised on the idea that the SCWCA exclusivity provision only bars certain types of damages rather than certain causes of action. ECF No. 20 at 6, 8. However, there are a legion of federal and state cases stating that the exclusivity provision bars specific claims and causes of action.[5] Further, Plaintiff would have the Court disregard cases where the presence of

---

[4] No South Carolina court has ever recognized pecuniary damages as a stand-alone exception to the SCWCA's exclusivity provision.

[5] *See, e.g., Thomas v. Kmart Corp.,* No. 9:11-669, 2012 U.S. Dist. LEXIS 187302, at *20 (D.S.C. Nov. 14, 2012) ("South Carolina courts have specifically recognized that causes of action for invasion of privacy, intentional infliction of emotional distress, and negligence/recklessness are covered by the Act."); *Lugo v. Boeing Co.,* No. 2:19-2995, 2020 U.S. Dist. LEXIS 15529, at *11 (D.S.C. Jan. 30, 2020) ("[B]oth federal and state courts in South Carolina have held the [SCWCA]

6

economic damages allegations did not impact the exclusivity analysis, such as *Kerr* and *Lindblad*.

Second, Plaintiff's argument is built on this unsupported premise: "These damages [economic damages, such as lost earnings] are not for personal 'injuries' for which the South Carolina Workers Compensation Commission could award benefits," and "the [Commission] has no jurisdiction to award such relief [economic damages, such as lost wages]." ECF No. 20 at 9. However, the South Carolina Supreme Court has made clear that "South Carolina workers' compensation law represents a combination of two competing models of workers' compensation, one **economic** and the other medical," and one goal of the statutory regime "is to compensate workers for **reductions in their earning power** caused by work-related injuries or accidents." *Stephenson v. Rice Servs.*, 323 S.C. 113, 116, 473 S.E.2d 699 (S.C. 1996) (emphasis added). Contrary to Plaintiff's assertion, the South Carolina Workers' Compensation Commission does have the authority to pay a claimant for economic losses due to work-related injuries. In fact, the SCWCA and its regulations provide for compensation based on a claimant's lost earnings, separate and apart from medical expenses.[6] Thus, Plaintiff's argument is built on a flawed premise

---

preempts negligent hiring and supervision claims." (quotes omitted)); *Lindblad,* 2019 U.S. Dist. LEXIS 25209, at *16 ("South Carolina courts, applying Section 42-1-540, have held that claims for negligent supervision specifically are covered by the SCWCA."); *Crawford v. Limehouse & Sons, Inc.,* No. 2:10-2094, 2010 U.S. Dist. LEXIS 131291, at *9 (D.S.C. Nov. 10, 2010) ("South Carolina courts applying § 42-1-540 have specifically held that an employee's claims against an employer for injury based on negligent supervision are covered by the [SCWCA]."); *Palmer,* 2006 U.S. Dist. LEXIS 67593, at *4 ("The South Carolina Supreme Court has held that causes of action for intentional infliction of emotional distress (outrage) and negligence constitute personal injuries within the scope of the Act."); *Dockins,* 306 S.C. at 288-89 ("[A]n employee's tort action for slander is not barred by the exclusivity provision of the Workers' Compensation Act."); *Loges,* 308 S.C. at 136-37 ("slander actions are not barred by the Act's exclusivity provision").

[6] *See* S.C. Code Ann. § 42-9-10 (setting compensation rate for total disability at 66.66% of average weekly wages); *id.* § 42-9-20 (setting compensation rate for partial disability at 66.66% of the difference between average weekly wages before and after the injury); *id.* § 42-1-40 (defining "average weekly wages" as "the earnings of the injured employee in the employment in which he was working at the time of the injury during the [year] preceding the date of the injury"); S.C. Code Ann. § 42-1-120 (defining "disability" as "incapacity because of injury to earn the wages

that is contradicted by South Carolina law and, as a result, her argument collapses.

### 3. *The Cases Cited by Plaintiff Are Distinguishable.*

The key cases relied on by Plaintiff are readily distinguishable. In *Hand*, the plaintiff brought a fraud claim (negligent misrepresentation) against her employer. *See Hand v. SunTrust Bank Inc.*, No. 6:11-cv-501, 2012 U.S. Dist. LEXIS 124947, at *2 (D.S.C. 2012). She sought "damages associated with her termination," and "[t]he injury of which she complains [was] pecuniary in nature and *not remotely related to any injury to her person*." *Id.* at *5-6 (emphasis added). She did not allege any damages as a result of a personal injury. *Id.* at *7.

*Hand* is easily distinguishable from this case because (1) Plaintiff has not asserted a fraud or negligent misrepresentation claim, and (2) Plaintiff has alleged emotional distress damages and other personal injuries. Moreover, Plaintiff's state law claims against Luxor are generally premised on the same alleged harassment and intrusions by List that she claims caused her emotional distress. Thus, unlike *Hand*, her claims against Luxor are directly related – or at the very least "remotely related" – to the personal injuries she allegedly suffered.

In analogous cases involving personal injuries, this Court has found *Hand* inapplicable. *See Kerr,* 2018 U.S. Dist. LEXIS 62242, at *7-8 (finding that *Hand* was distinguishable for reasons set out in reply brief); Exhibit A, *Kerr* Reply Brief, at *5 ("Unlike in *Hand,* Plaintiff has pleaded personal injuries including 'pain and suffering,' 'mental and emotional distress,' and 'stress and anxiety.' Further, *Hand* represents an outlier that directly contradicts the extensive precedent established by South Carolina courts, including the South Carolina Supreme Court, that negligence claims are preempted by the [SCWCA]."); *Lindblad,* 2019 U.S. Dist. LEXIS 25209, at *17-18

---

which the employee was receiving at the time of injury in the same or any other employment"); *see also* S.C. Code Regs. § 67-503, 67-1603; Exhibit D - WCC Form #20, Statement of Earnings.

8

(distinguishing *Hand* because complaint alleged personal injuries); *Hayes,* 2020 U.S. Dist. LEXIS 51074, at *28-29 (citing *Kerr* and *Lindblad* and agreeing that "this court has rejected the extension of *Hand* to negligent supervision and retention claims" where mental injuries are pled)).

*Dockins* and *Loges* are distinguishable because they addressed slander claims, which is a recognized exception to SCWCA exclusivity. *See Dockins v. Ingles Mkts.,* 306 S.C. 287, 288-89 (1991) ("[A]n employee's tort action for slander is not barred by the exclusivity provision."); *Loges,* 308 S.C. at 135-37, 139 (negligence claim was not barred by SCWCA if it arose from "slanderous conduct" by a coworker, but the negligence claim was barred if it arose from "allegations of harassment," infliction of emotional distress, assault, and battery by the coworker). In this case, Plaintiff has not pled a slander or defamation claim, and the alleged misconduct involved harassment, infliction of emotional distress, assault, and battery. Therefore, Plaintiff's claims are barred by the SCWCA. *See Kerr,* 2018 U.S. Dist. LEXIS 62242, at *7-8 (R&R distinguishing *Dockins* and *Loges*); Exhibit A, *Kerr* Reply Brief, at *4 (*Loges* and *Kerr* do not apply unless there is slander claim); *Kerr*, 2018 U.S. Dist. LEXIS 61395, at *14-15 (adopting R&R and stating: "Here, plaintiff has not alleged defamation or slander. The slander exception to the exclusivity provision of the Act is thus not available to Plaintiff.").

*Fotia* is distinguishable for several reasons: (1) "the alleged injury did not occur within the scope of Plaintiff's employment," (2) "[a]t no point in Plaintiff's Amended Complaint does he suggest that he suffered emotional distress, or any injuries, prior to the alleged wrongful termination," and (3) the court's holding was specific to an action for retaliatory discharge. *Fotia v. Palmetto Behavioral Health*, 317 F. Supp. 2d 638, 645 & n.9 (D.S.C. 2004). Unlike *Fotia*, Plaintiff here alleges (1) her injuries arose from her employment, (2) she does allege to have suffered emotional distress prior to her termination, and (3) she has not pled a retaliatory discharge

9

claim. *See Kerr*, 2018 U.S. Dist. LEXIS 61395, at *14 (finding *Fotia* distinguishable for the same reasons cited above); Exhibit A, at *6 (same).

Plaintiff relies on *Dickert* for the proposition that "certain invasion of privacy claims alleging a propriety loss do fall outside the scope of the [SCWCA]." *Dickert*, 311 S.C. at 222. But Plaintiff ignores the impact of the next sentence: "However, under the facts here, where Employee alleges emotional harm, we find that the invasion of privacy claim is of a personal nature and, therefore, encompassed by the [SCWCA]."[7] *Id.* In this case, Plaintiff's invasion of privacy claim is premised on intrusions by List that allegedly caused emotional harm. Am. Compl. ¶¶ 108-11. Thus, as in *Dickert,* the invasion of privacy claim is barred by the SCWCA.

*Frasier* involved a completely different type of privacy claim than in this case. In South Carolina, there are "three separate and distinct causes of action" for invasion of privacy: "(1) wrongful appropriation of personality; (2) wrongful publicizing of private affairs; and (3) wrongful intrusion into private affairs." *Snakenberg v. Hartford Casualty Ins. Co.*, 299 S.C. 164, 170 (S.C. Ct. App. 1989). *Frasier* involved a wrongful publicity claim with rather unique facts; the plaintiff alleged her employer disclosed private information about her admission to a psychiatric hospital and suggested to coworkers that she had engaged in wrongful activity. *See Frasier v. Verizon Wireless*, No. 8:08-356, 2008 U.S. Dist. LEXIS 20957, at *10-12 (D.S.C. 2008). Citing slander cases where the injury was to reputation, the court found that the wrongful publicity claim was not barred by the SCWCA. *Id.* at *8-9. Here, however, Plaintiff asserts a wrongful intrusion claim premised on uninvited text messages, an intrusion into her house, and unwanted touching. Am. Compl. ¶¶ 108-09. The wrongful intrusions allegedly caused both emotional injuries ("humiliation,

---

[7] *Dickert* is similar to this case because the plaintiff alleged her supervisor sexually harassed her, engaged in unwanted touching, and invaded her privacy, which she alleged caused *both pecuniary damages and emotional distress damages*. *See* Exhibit C, Dickert Complaint at ¶¶ 10, 14, 20, 28.

10

indignity, anxiety, and mental suffering") and economic injuries ("lost compensation").[8] *Id.* ¶¶ 111-12. Unlike *Frasier,* Plaintiff does not assert a wrongful publicity claim involving exposure of private information that caused reputational injury.

### 4. Allowing Evasion of the SCWCA with a Pleading Gimmick Would Lead to Absurd, Unintended Results.

If the Court accepts Plaintiff's argument, virtually any employee with a workplace injury could evade the exclusivity provision's application simply by pleading economic damages or reputational harm. This would be true even in a run-of-the-mill accident case that is clearly intended to be covered by the SCWCA. For example, assume a construction worker falls at work and breaks his leg. The worker would likely experience both personal injuries (pain and emotional distress) and economic injuries (lost earnings while unable to work). Under Plaintiff's novel approach, the worker could sue his employer in court and avoid the SCWCA's exclusivity provision by alleging he suffered economic losses and was not seeking personal injury damages.

Thus, allowing use of Plaintiff's pleading gimmick would open the doors of the courthouse to nearly every worker who suffers a workplace injury. This could result in an exodus of claimants from the Workers' Compensation Commission and a deluge of claimants in the court system, upsetting the established balance between the two systems. Relatedly, Plaintiff's approach is contrary to the intent of the exclusivity provision, which the legislature enacted as a compromise

---

[8] A wrongful intrusion claim necessarily involves personal injury. *See Snakenberg*, 299 S.C. at 172 ("In assessing damage [for a wrongful intrusion claim], the trier of fact may consider the shame, humiliation, and emotional distress suffered by the plaintiff as compensable elements of damage"); *Atkinson v. House of Raeford Farms, Inc.*, No. 6:09-1901, 2011 U.S. Dist. LEXIS 42942, at *20 (D.S.C. Apr. 20, 2011) ("When a plaintiff bases an action for invasion of privacy on 'intrusion' alone, bringing forth no evidence of public disclosure, it is incumbent upon him to show a blatant and shocking disregard of his rights, *and serious mental or physical injury or humiliation to himself resulting therefrom*." (emphasis added, quotation omitted)). Thus, to the extent that Plaintiff's intrusion claim against Luxor is pled to involve only economic harm such as lost wages, then she fails to meet the requirement to show serious mental, physical, or humiliation injuries).

between the rights of employers and employees. *See Wise v. Wise*, 394 S.C. 591, 598 (Ct. App. 2011) ("The employee 'receives the right to swift and sure compensation' in exchange for giving up the right to sue in tort; the employer receives such tort immunity in exchange for complying with those provisions of the Act that insure swift and sure compensation for the employee."). If any worker can simply allege economic losses to avoid exclusivity, the intended compromise is meaningless because employees would have the unilateral right to bring a tort claim in the court system, and the employer's half of the bargain (tort immunity) would be illusory.

As noted above, Plaintiff's state law claims do not fall within any recognized exception to SCWCA exclusivity. Considering the potential implications at stake, it would be inappropriate for a federal court to adopt Plaintiff's unprecedented argument and create a new exception to exclusivity. Federal courts must rule on state law "as it exists" and are not permitted to expand state common law principles in such a drastic way. *See* ECF No. 19-1 at 7-8 (collecting cases).

**II. There Is No Viable Claim for Negligent Investigation.**

In its original brief, Luxor made two additional, independent arguments regarding Plaintiff's negligent investigation claim: (1) no South Carolina court has recognized negligent investigation as a viable cause of action and federal courts cannot create new causes of action under state law, and (2) South Carolina courts have held there is no duty to investigate employee complaints in a particular manner. ECF No. 19-1 at 7-8.

As to the first argument, Plaintiff did not cite any cases to the contrary, and, in fact, completely failed to address this issue. She has thus waived her right to contest dismissal of this claim. *See Aten v. S.C. Dep't of Corr.*, 2018 U.S. Dist. LEXIS 149191, at *23-24 (D.S.C. 2018) (granting motion to dismiss because "Plaintiff's failure to respond to Defendants' contentions constitutes a waiver of Plaintiff's right to contest this issue."); *Gray v. Am. Homepatient, Inc.*,

12

2014 U.S. Dist. LEXIS 182496, at *29 (D.S.C. 2014) (dismissing certain claims because plaintiff failed to respond to motion and waived any opposition).

Plaintiff meekly tried to address Luxor's second argument that there is no duty to conduct investigations in a specific manner with respect to at-will employees. Plaintiff tacitly admits there is no common law duty; instead, she argues Luxor had a duty to investigate because it undertook an investigation. ECF No. 20 at 11-12. In support, Plaintiff cites two cases discussing general principles of negligence and voluntary assumption of a duty. *See id*. Critically, she fails to cite any cases applying this argument in the context of an investigation involving an at-will employee.

In contrast, South Carolina courts have found that, *even where employers undertook investigations*, no viable negligence claim existed because there was no duty to investigate in a particular manner. For example, in *Brotherton*, the Court dismissed a claim for "negligent and grossly negligent investigation" because "an employer owes no duty of due care in conducting an investigation of allegations against an at-will employee." *Brotherton v. CB&I Project Servs. Grp., LLC*, 2019 U.S. Dist. LEXIS 64134, at *1, *3 (D.S.C. 2019). The Court further rejected the plaintiff's argument that the employer voluntarily "undertook a duty" because the cases relied on by the plaintiff "imposed a duty of care in distinguishable, non-employment contexts." *Id.* at *3; *see also Anthony v. Atl. Grp., Inc.,* 909 F. Supp. 2d 455, 474 (D.S.C. 2012) (dismissing negligence claims where employer did investigate but "owed no duty to their employees to conduct a more thorough investigation because their employees were at-will"); *Gause v. Doe*, 317 S.C. 39, 42 (S.C. Ct. App. 1994) (holding that at-will employee cannot prevail on negligence claim based on allegations of inadequate investigation). The *Brotherton* and *Gause* cases were cited in Luxor's initial brief, and Plaintiff ignored them in her response. Plaintiff's argument regarding assumption of a duty is contrary to these cases and unsupported in the employment context. Plaintiff's

negligent investigation claim should be dismissed for all of the reasons set forth above.

### III. Plaintiff's State Law Claims Against Luxor Should Be Dismissed Because She Is Limited to the Statutory Remedies Available.

Plaintiff essentially argues that her state law claims are not duplicative of her Title VII claims. ECF No. 20 at 14. However, Plaintiff's negligence and invasion of privacy claims are based on the same alleged conduct in which her Title VII claims are grounded. Her Title VII discrimination claims are based on a "harassment" theory and a "quid pro quo" theory that List "explicitly and/or implicitly conditioned terms and conditions of employment on Plaintiff's acquiescence to his improper demands." Am. Compl. ¶¶ 73-75. Plaintiff's invasion of privacy claim is based on the same underlying harassment and *quid pro quo* allegations, including uninvited texts, intrusion into her residence, unwanted touching, and "demands for acquiescence." *Id.* ¶¶ 108-110. Further, Plaintiff's negligence claims allege: "Luxor Scientific failed to take any reasonable steps to prevent or stop List's **harassment**," List tried to coerce Plaintiff into a sexual relationship, and "Luxor failed to appropriately investigate and remediate List's **harassment**." *Id.* ¶¶ 115, 119, 124. (emphasis added). Thus, Plaintiff's state law claims against Luxor are premised on the same alleged misconduct that supports her Title VII claims.

Plaintiff also suggests that Luxor is arguing "preemption." However, Luxor is not arguing that the state law claims are federally preempted. Luxor argues that *under South Carolina law*, a plaintiff is barred from pursuing common law claims based on the same conduct for which the plaintiff is pursuing statutory remedies, even if those remedies originate from a federal statute. For example, in both *Lindblad* and *Menton*, the court applied this state law doctrine and dismissed state law claims that were duplicative of Title VII claims. *See Lindblad*, 2019 U.S. Dist. LEXIS 25209, at *14-15; *Menton v. Nestle Frozen Food Co.,* No. 7:14-2542-JMC-KFM, 2015 U.S. Dist. LEXIS 29724, at *11-13 (D.S.C. Jan. 23, 2015) (McDonald, Mag. J.); *Dockins,* 306 S.C. at 498.

Plaintiff then tries to distinguish *Menton,* arguing that this state law doctrine only applies to wrongful discharge and IIED claims and does not apply to other claims. Plaintiff goes so far as to say that "negligence and invasion of privacy claims have never been precluded" by the statutory remedy doctrine. However, Plaintiff overlooks *Nettles* which, as stated in Luxor's first brief, found that a negligence claim was barred because it was duplicative of a federal FLSA claim. *See Nettles v. Techplan Corp.,* 704 F. Supp. 95, 100 (D.S.C. 1988). Accordingly, Plaintiff's state law claims should be barred because she can pursue Title VII statutory remedies for the alleged misconduct.

## IV. Conclusion

For the reasons set forth above and in its original brief, Luxor respectfully requests that the Court dismiss with prejudice all state law claims alleged against Luxor in this action.

Respectfully submitted this 6th day of December, 2021.

s/ *Wm. Robert Gignilliat*
Wm. Robert Gignilliat, IV (Fed. I.D. No. 12129)
Email: rob.gignilliat@jacksonlewis.com
Laura A. Ahrens (Fed. I.D. No. 13396)
Email: laura.ahrens@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
Phone: 864-232-7000

Adam C. Bach (Fed. I.D. No. 9877)
Email: abach@etblawfirm.com
ELLER TONNSEN BACH
1306 South Church Street
Greenville, SC 29605
Phone: 864-236-5013

***ATTORNEYS FOR DEFENDANT LUXOR SCIENTIFIC, LLC***

4857-2034-4581, v. 4